SUMMERS, Justice.
The grand jurors of Ouachita Parish charged David Dorsey with the June 27, 1976 second degree murder of Claiborne Gant. La.Rev.Stat. 14:30.1. Because of his *175 indigency, an attorney was appointed to represent the accused. After trial the jury returned a verdict of guilty and Dorsey was sentenced to imprisonment at hard labor for life without benefit of parole, probation or suspension of sentence for a period of forty years.
One assignment of error on this appeal complains that the trial judge erred in refusing to grant defendant a new trial or to relieve his court-appointed' counsel from further representation in this matter.
The assignment of error is based upon the contention that when defendant was sentenced, he moved for a new trial on the ground that his court-appointed counsel was incompetent and ineffective. This incompetent and ineffective representation, it is asserted, was due to the fact that court-appointed defense counsel recommended against defendant entering a guilty plea to a reduced charge of manslaughter offered by the State as a plea bargain. As a consequence defendant was thereafter convicted of the more onerous crime of second degree murder and sentenced accordingly. In addition, defendant moved to have his court-appointed counsel removed on the ground that defense counsel could not properly argue his own incompetence.
In his well-prepared per curiam to this assignment of error the trial judge pointed out that in opening statement defense counsel told the jury that there was no dispute about the fact that defendant shot and killed the victim. The issue, he said, was intent. He suggested defendant was guilty of negligent homicide rather than murder or manslaughter.
Two witnesses observed the shooting. Although the evidence showed that defendant and the victim were frequent companions and had spent most of the afternoon together without incident, as decedent was leaving the premises, defendant stood at the door, called the victim, pointed the gun at him and when the victim made a remark, pulled the trigger.
At the close of the State’s case, defense counsel moved for a directed verdict of negligent homicide, a motion not sanctioned by the law in this case. La.Code Grim.Pro. art. 778.
In a hearing on the motion to be relieved, defense counsel stated that when the State offered to accept a plea of guilty of manslaughter he conveyed the offer to defendant the day prior to trial and recommended against accepting the offer. On this advice defendant declined to plead to the lesser charge. On the other hand the defendant testified that he had written to counsel to accept such a plea. However, defense counsel neither acknowledged such a letter nor produced it in evidence. The record points to defense counsel’s version of the matter as the most reliable. Thus, the decision to not accept the plea bargain was concurred in by the defendant.
Both the trial judge and the State’s attorney stated in the record that defense counsel was an experienced and able trial lawyer who conducted a vigorous and competent defense on behalf of his client. While in retrospect it may appear that the better choice was to accept the plea, the decision not to do so was deliberate and cannot be repudiated after trial and verdict.
Defense counsel’s motion to substitute other representation to argue the contention that he was incompetent is also without merit. As the trial judge observed, counsel’s incompetency is a matter that can be determined from the record itself.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs with reasons.